# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 8, 2011

Lyle W. Cayce
Clerk

No. 09-31195
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

AARON BRUCE WILLIAMS,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:93-CR-10012-1

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Aaron Bruce Williams, federal prisoner # 08392-035, appeals the denial of his 28 U.S.C. § 2241 petition wherein he sought to challenge his conviction of one count of conspiracy to distribute and possess 500 grams or more of cocaine and four counts of distributing cocaine and the resulting 325-month sentence. He argues that the district court should have considered the merits of his petition pursuant to the Supreme Court's decision in *Dretke v. Haley*, 541 U.S. 386, 394 (2004).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-31195

To challenge the validity of his conviction and sentence through a Section 2241 petition, Williams must affirmatively show that the remedy under 28 U.S.C. § 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). This requires him to make a showing of both actual innocence and retroactivity. *Reyes-Requena*, 243 F.3d at 904. Specifically, he must establish that his claim (1) "is based on a retroactively applicable Supreme Court decision which establishes that [he] may have been convicted of a nonexistent offense" and (2) "was foreclosed by circuit law at the time when the claim should have been raised in [his] trial, appeal, or first § 2255 motion." *Id*.

Williams has not done so. *Haley* does not establish that his convictions were for nonexistent offenses, nor does it provide a new avenue for postconviction relief or a means of bypassing the statutory scheme of postconviction relief. *See Haley*, 541 U.S. at 392-95.

The district court's judgment is AFFIRMED. *See* 28 U.S.C. §§ 2255(h) & 2244(b)(3)(C); *Reyes-Requena*, 243 F.3d at 897-98. Williams is CAUTIONED that future attempts to circumvent the successive-motion requirements of Section 2255 will invite the imposition of sanctions.